NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-239

MICHAEL D. VANEK AND
VANEK REAL ESTATE, LLC

VERSUS

CHARLES ROBERTSON AND
DIV-CONN OF LAKE CHARLES, LLC

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-3767
HONORABLE SHARON DARVELLE WILSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

AFFIRMED.

Thomas John Gayle
Gayle Law Firm
713 Kirby Street
Lake Charles, LA 70601
(337) 494-1220
COUNSEL FOR PLAINTIFFS-APPELLANTS:
    Michael D. Vanek
    Vanek Real Estate, LLC

**Marshall Joseph Simien, Jr.**
**Simien Law Firm**
**2131-A Fitzenreiter Road**
**Lake Charles, LA 70601**
**(337) 497-0022**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Charles Robertson**

**Judson M. Norman**
**Taylor, Porter, Brooks & Phillips, LLP**
**145 East Street**
**Lake Charles, LA 7061**
**(337) 436-7787**
**COUNSEL FOR DEFENDANT-APPELLEE:**
    **Div-Conn of Lake Charles, LLC**

**PICKETT, Judge.**

Michael Vanek, a real estate broker and owner of Vanek Real Estate, LLC, appeals a judgment of the trial court dismissing his claims against Charles Robertson and Div-Conn of Lake Charles, Inc., for a commission on the sale of real estate on summary judgment.

## FACTS

This is the second appearance of this dispute in this court. In *Vanek v. Robertson*, 18-321, pp. 1-2 (La.App. 3 Cir. 12/6/18), 261 So.3d 896, 897–98 (footnote omitted), this court laid out the facts at issue:

> The facts relative to this appeal are not in dispute. Michael D. Vanek and Vanek Real Estate, LLC (hereafter collectively referred to as Plaintiff or Vanek), filed suit against Charles Robertson and Div-Conn of Lake Charles, LLC [a property management company owned by Robertson] (hereafter collectively referred to as Defendant or Robertson), for breach of a listing agreement concerning a commercial building on property located at 2750 Power Center Parkway in Lake Charles, Louisiana (the property). The listing agreement was signed on December 1, 2010, by Robertson as seller, Vanek as broker, and Bonita Sedano as agent, and it expired by its own terms at midnight on October 4, 2011. The listing agreement contained a clause which provided that, "Brokerage fees will also be earned by the BROKER when a tenant, placed by the BROKER, purchases the leased premises during the initial lease period of any lease extensions or within 80 days after the lease/extension expires."
>
> In his suit against Robertson, Vanek sought a commission for a sale of the property that took place on July 31, 2014. Vanek alleged that beginning in May 2011, the property was leased three separate times, each for a one-year term, with the last lease lapsing on June 30, 2014. According to Vanek, Robertson paid him 6% commission on each of those three leases, as called for in the listing agreement. The petition alleged that Robertson failed to pay Vanek a commission in conjunction with the July 2014 sale of the property, instead paying a commission to a different broker. Vanek further alleged that Robertson "ratified the validity and existence" of the listing agreement by paying the three aforementioned commissions and that "Vanek's agency was the procuring cause for the Charter Academy to rent, and subsequently purchase, the building owned by Robertson." In two supplemental and amending petitions, Vanek alleged that "Robertson confirmed and ratified" the listing agreement "by accepting the benefit of the assignment of the listing agreement from 'Charter Schools USA,' to other entities, namely Lake Charles

Charter Academy Inc. and Southwest Louisiana Charter Academy Foundation, Inc."

In response to Vanek's petition, Robertson filed an answer, reconventional demand, and third-party demand. In his answer, Robertson asserted that the listing agreement relied upon by Vanek had expired when the sale occurred. Robertson further asserted that the listing agreement was a one-party listing for Charter Schools, USA, Inc. and its assigns, and that the purchaser of the property, Southwest Louisiana Charter Academy Foundation, Inc. (SLCAF), a non-profit Louisiana corporation, was not affiliated with or in any way an "assign" of Charter Schools, a Delaware corporation. According to his reconventional demand, Robertson had paid Vanek commissions that were not due, and he sought a refund of those payments from Vanek.

Robertson filed a third-party demand against Sedano, alleging that she had assured him that the listing with Vanek had expired in 2014 when he signed a new listing with Sedano and her new broker, Century 21 Mike D. Bono & Co. Sedano filed a cross-claim against Vanek, alleging that in an August 2013 agreement Vanek forfeited commissions on transactions involving SLCAF. Sedano then moved for summary judgment, seeking dismissal of Robertson's claims against her and also Vanek's claims against Robertson. The trial court granted the motion for summary judgment and dismissed both Robertson's claims against Sedano and Vanek's claims against Robertson.

Vanek appealed, arguing that because Robertson had not filed a motion for summary judgment, the trial court erred in dismissing Vanek's claims against Robertson. This court reversed the judgment of the trial court to the extent that it dismissed Vanek's claims against Robertson, finding that Sedano's motion for summary judgment "could not confer upon the trial court jurisdiction to adjudicate the claims made in Vanek's principal demand." As no party appealed the dismissal of Robertson's claims against Sedano, that portion of the judgment was affirmed. The matter was remanded to the trial court for further proceedings.

Upon return to the trial court, Robertson filed a motion for summary judgment seeking dismissal of Vanek's claims for breach of contract. The trial court granted the motion for summary judgment and dismissed Vanek's claims against Robertson.

## ASSIGNMENTS OF ERROR

On appeal, Vanek asserts one assignment of error:

> The trial court erred, as a matter of law, for finding that a contract between a Broker and an Agent could terminate a contract between a Broker and a Property Owner.

## DISCUSSION

Pursuant to La.Code Civ.P. art. 966(A)(2), the summary judgment procedure is favored and must be construed to accomplish its purpose of "the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." Article 966(A)(3) further provides that the "motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." When the issue presented by the motion for summary judgment is one on which the movant will not bear the burden of proof at trial, the movant must show "the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(D)(1). The adverse party must then "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.* A court of appeal reviews summary judgments de novo, using the same standard used by the trial court. *Higgins v. La. Farm Bureau Cas. Ins. Co.*, 20-1094 (La. 3/24/2021), 315 So.3d 838.

3

It is undisputed that Robertson, the co-owner of 2750 Power Center Parkway in Lake Charles, signed a listing agreement with Vanek on December 1, 2010. Vanek signed as broker, and Sedano signed as the real estate agent. The contract states that the property is to be leased for a price to be negotiated. Mr. Robertson agreed to pay a six percent commission on the rental to be received during the term of the lease. The listing agreement contains the following clause:

> Brokerage fees will also be earned by the BROKER when a tenant, placed by the BROKER, purchases the leased premises during the initial lease period or any lease extensions or within 80 days after the lease/extension expires.

The listing agreement also contains the following in "Other Terms and Conditions":

> THIS IS A ONE PARTY LISTING FOR CHARTER SCHOOL, U.S.A. AND THEIR ASSIGNS ONLY.

The listing agreement expired on October 4, 2011.

At the time, Charter School, U.S.A., a provider of educational services, was searching for properties in Lake Charles to open a school. Lake Charles Charter Academy, Inc., a local non-profit organized for the purpose of operating a charter school in Lake Charles, relied on Charter Schools, U.S.A to determine the specifications for a facility. Sedano represented Lake Charles Charter Academy, Inc. as a real estate agent. While Vanek, Sedano, and Robertson disagree about the exact circumstances, Robertson signed a lease with Lake Charles Charter Academy, Inc., in May 2011. Robertson paid a six percent commission to Vanek, who split the proceeds with Sedano. Lake Charles Charter Academy operated at 2750 Power Center Parkway for the 2011-2012 academic year.

In July 2012, SLCAF, a separate juridical entity with a similar purpose to Lake Charles Charter Academy, Inc., entered into a lease with Robertson. Again, Robertson paid a six percent commission to Vanek according to the terms of the

listing agreement. Vanek split this commission with Sedano. The lease between SLCAF and Robertson was renewed in July 2013. Once again, Robertson paid a six percent commission to Vanek, who split the proceeds with Sedano. This renewal lease expired on June 30, 2014.

Vanek and Sedano's business relationship ended in October 2013. Robertson signed an exclusive listing agreement with Century 21 Mike Bono, Sedano's new broker, and agreed to pay a four percent commission on the sale of 2750 Power Center Parkway to Bono. On July 31, 2014, Southwest Louisiana Charter Foundation, Inc., purchased the property for $3,200,000. Robertson paid a commission to Bono.

Vanek argues that the listing agreement Robertson signed in December 2010 should be given effect, and he is entitled to a commission because the sale occurred within 80 days of the end of the term of a lease he brokered for Robertson.

At oral argument, Robertson abandoned his argument that the "law of the case" doctrine applies. Thus, we will not address it further.

In his second argument in support of the grant of the motion for summary judgment, Robertson argues that Vanek entered into an agreement with Sedano on August 16, 2013, in which he forfeited any commissions from transactions involving the charter schools. The agreement states:

> On this 16th day of August personally came and appeared Mike Vanek of Vanek Real Estate and Bonita Sedano who agrees as follows: Mike Vanek and Bonita Sedano have been involved in a broker-realtor Relationship and have jointly participated in the closure of various real estate transactions which entailed [sic] sharing a commission on an agreed upon percentage. Each party desires to sever this relationship and agree to release the other from complete liability for all expenses incurred to date by Vanek Real Estate as a result of this relationship. Each party wishes to terminate all collaboration on projects where a commission fee will be paid with the exception of the sale of land to Southwest Louisiana Charter Academy Foundation at the corner of McNeese and South Park St. in the City of Lake Charles. Each party agrees to share the commission

on this transaction on an equal basis. Mike Vanek and Bonita Sedano wish to amicably terminate their relationship with each party continuing to recognize that Bonita Sedano shall retain Lake Charles Charter Academy Foundation and [S]outhwest Louisiana [C]harter Academy [F]oundation as her exclusive clients hereinafter, and that no further commission fees shall be shared on any future transactions involving either Foundations.

We find the terms of this agreement indicated an intent by Vanek to forego any future commissions involving the property at 2750 Power Center Parkway. The sale of the property from Robertson to SLCAF is clearly contemplated by this agreement. Thus, we find no genuine issue of material fact, and judgment as a matter of law was properly granted in favor of Robertson and Div-Conn.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Michael D. Vanek and Vanek Real Estate, LLC.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

6